UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

GEOVERA SPECIALITY INSURANCE COMPANY

VERSUS

ERROL WAYNE HICKS, ET AL.

CIVIL ACTION

NO. 20-505-JWD-SDJ

### RULING AND ORDER

This matter comes before the Court on the *Motion for Attorney's Fees* (Doc. 56) filed by cross-claim plaintiffs, Citizens Financial Group, Inc., and Citizens Bank, N.A. ("Citizens"). Cross-claim defendant Errol Wayne Hicks ("Hicks") has failed to oppose the motion. Oral argument is not necessary. The Court has carefully considered the law, the facts in the record, and Citizens' arguments and submissions and is prepared to rule. For the following reasons, Citizens' motion is granted.

**I.      Relevant Factual Background**

GeoVera Specialty Insurance Company ("GeoVera") originally filed this interpleader action naming as defendants Citizens and Hicks, among others. (Doc. 1.) GeoVera had issued an insurance policy to Hicks, and Hicks made a claim under that policy for damages allegedly sustained as a result of a house fire at the insured property. (*Id.* at 3–4.) Citizens were named as mortgagees of the property in question. (*Id.* at 4.)

Citizens filed an answer with affirmative defenses and a cross-claim against Hicks. (Doc. 15.) In the latter, Citizens claimed Hicks owed certain sums pursuant to a promissory note, along with costs and expenses in enforcing the note, including reasonable attorney's fees. (*Id.* at 5, 9.)

Hicks failed to answer or otherwise make an appearance. (Doc. 37.) Citizens moved for an entry of default, (Doc. 36), which the clerk entered on December 21, 2020, (Doc. 37). On March 17, 2021, Citizens then moved for a default judgment, (Doc. 42), which the Court granted on April 13, 2021, (Doc. 49).

A final default judgment was entered for Citizens on May 17, 2021. (Doc. 51.) In the judgment, Citizens was awarded, inter alia, "costs and attorney's fees in an amount to be determined in accordance with Middle District of Louisiana Local Civil Rule 54." (Doc. 51 at 2.)

On May 24, 2021, Citizens filed the instant motion seeking $3,880.75 in attorney's fees. (Doc. 56). This amount includes: (1) 13.25 hours of pre-judgment work billed at the rate of $215.00 per hour; and (2) 4.8 hours of post-judgment collection work at the same rate. (*See* Doc. 56-3 at 4.) Citizens arrived at its figure for the pre-judgment work by halving certain entries—specifically, for the answer, for the status report inserts, and for the Rule 26 disclosures—because these documents contained work for both the main interpleader action and for the cross-claim for which Citizens is entitled to fees. (Doc. 56-3 at 2.)

Citizens also provides an affidavit justifying the rate for its attorney, Ronnie Berthelot. (Doc. 56-4.) Berthelot has practiced law for thirty-eight (38) years in civil litigation, commerce, and real estate, among other areas, and he has been recognized as an "AV" rated lawyer by Martindale-Hubbell consistently since approximately 1998. (*Id.* at 1.) He graduated in the top one-third of his class from LSU law school. (*Id.*) He agreed with his client for a fixed hourly rate of $215.00 per hour, and that is the rate he uses for his fee application. (*Id.* at 2.)

II. **Applicable Law**

When considering an award of attorney fees under Louisiana law, "courts must assess whether the fees are reasonable." *Cargill, Inc. v. Clark*, No. 10-487, 2013 WL 1187953, at *1

(M.D. La. Mar. 21, 2013) (Brady, J.). "Louisiana courts, in applying the reasonableness requirement from the Louisiana Rules of Professional Conduct, Rule 1.5(a), consider the following factors in determining whether the fees are reasonable:"

> (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge.

*Id.* at *1–2 (citing *La. Dep't of Transp. & Dev. v. Williamson*, 597 So. 2d 439, 442 (La. 1992) (Mem.)). The Fifth Circuit also uses a "lodestar" method to assess and award attorney fees. *Id.* at *2 (citing *Heidtman v. Cty. of El Paso,* 171 F.3d 1038, 1043 (5th Cir. 1999)).

> A lodestar is calculated by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work. After making this calculation, the district court may decrease or enhance the lodestar based on the relative weights of the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.,* 488 F.2d 714, 717–19 (5th Cir. 1974). The lodestar may not be adjusted due to a *Johnson* factor, however, if the creation of the lodestar award already took that factor into account. Such reconsideration is impermissible double-counting.

*Id.* (citing *Heidtman*, 171 F.3d at 1043). The *Johnson* factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases[.]

*Id.* (citing *Heidtman*, 171 F.3d at 1043 n.5).

**III.     Analysis**

In sum, the Court will grant Citizens' request for $3,880.75 in fees.  "To determine reasonable rates, a court considers the attorneys' regular rates as well as prevailing rates." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir. 1995) (citations omitted). While the information provided by Citizens about its attorney's rate is somewhat scant,[1] the Fifth Circuit has recognized that "the district court is itself an expert in assessing these matters." *Davis v. Bd. of Sch. Comm'rs of Mobile Cty.*, 526 F.2d 865, 868 (5th Cir. 1976) (citations omitted).  Here, the Court finds that a rate of $215.00 is extremely reasonable for a lawyer in Baton Rouge like Berthelot who has practiced civil litigation for thirty-eight (38) years.

The Court has also reviewed the time sheets describing pre-judgment work (Doc. 56-5), the adjustments Citizens makes to these figures to account for the interpleader action, (Doc. 56-3 at 2), and Citizens' account of its post-judgment collection work, (*id.* at 2–3).  The Court finds these sums to be reasonable as well.  Considering the rate of $215.00 and the total time of 18.05 hours, the lodestar figure is $3,880.75.

"Because the lodestar is presumed to be reasonable, it should be modified only in exceptional cases." *Ocwen Loan Servicing, LLC v. Deane*, No. 15-682, 2017 WL 6816499, at *4 (N.D. Tex. Dec. 1, 2017) (citing *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993))*, report and recommendation adopted*, No. 15-682, 2018 WL 309105 (N.D. Tex. Jan. 5, 2018).  Here, the Court has considered the totality of this case, including the nature of the action, its duration, the results obtained, and all of the other factors required under Rule 1.5(a) and *Johnson*, and the Court finds that no further adjustment needs to be made to the lodestar.  Indeed, Citizens' requested fee is

---

[1] "Generally, the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002) (citing *Watkins v. Fordice*, 7 F.3d 453, 458 (5th Cir. 1993)).  Here, Citizens fails to provide this information.  Citizens also omits Berthelot's standard rate.

reasonable compared to other attorney fee awards following default judgments, including those involving promissory notes. *See Ocwen Loan Servicing,* 2017 WL 6816499, at *5 (recommending granting of motion for default judgment on suit for promissory note and awarding $10,596.00 in attorney's fees based on 47.4 hours of work by all associates and 9.2 hours of work by paralegals), *report and recommendation adopted*, 2018 WL 309105; *Compass Bank v. Butterfield*, No. 12-61, 2013 WL 12188598, at *3 (S.D. Tex. July 3, 2013) (granting motion for default judgment in suit on promissory note and awarding $4,955.00 in attorney's fees for 17.3 hours at a $250.00 hourly rate, and 2.75 hours at a $225.00 hourly rate); *cf. Campbell v. Harold Miller, Jr. Trucking & Paving, LLC*, No. 13-2840, 2014 WL 6389567, at *3 (W.D. La. Nov. 13, 2014) (awarding $6,498.00 after granting of default judgment in FLSA case).

IV.   Conclusion

Accordingly,

**IT IS ORDERED** that the *Motion for Attorney's Fees* (Doc. 56) filed by cross-claim plaintiffs, Citizens Financial Group, Inc., and Citizens Bank, N.A., is **GRANTED** and that cross-claim defendant Errol Wayne Hicks shall pay to Citizens the sum of $3,880.75 in reasonable attorney's fees.

Signed in Baton Rouge, Louisiana, on <u>January 11, 2022</u>.

_____
**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**